UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES M. TITLOW,

    Petitioner,

v.

RON RACKLEY, Warden,

    Respondent.

Case No. 17-06690 HRL (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state sentence.[1] Petitioner paid the filing fee.

## BACKGROUND

According to the petition, Petitioner was found guilty by a jury in Contra Costa County Superior Court of second degree murder and a gun enhancement. (Pet. at 1-2.) On April 26, 2013, Petitioner was sentenced to 40 years to life in state prison. (Id. at 1.)

Petitioner appealed his conviction. The state appellate court affirmed the conviction

---

[1] Petitioner filed consent to magistrate jurisdiction with the petition. (See Docket No. 3.)

in 2013, and the state supreme court denied the petition for review in 2016. (Id. at 3.)

Petitioner filed the instant federal habeas petition on November 20, 2017.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

### B. Legal Claims

Petitioner claims the following grounds for federal habeas relief: (1) the admission of co-defendant "Chuck's" hearsay statements violated his rights under the Fifth, Sixth, and Fourteenth Amendments, (Pet. Attach. at 31); (2) the admission of a witness's hearsay statement violated his rights, (id. at 70); prosecutorial misconduct during closing argument, (id. at 74); and (4) cumulative error, (id. at 97). Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto, as well as a magistrate judge jurisdiction consent form, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the

Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. At that time, Respondent shall also return the magistrate judge jurisdiction consent form.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: 2/6/18

HOWARD R. LLOYD
United States Magistrate Judge

Order to Show Cause
P:\PRO-SE\HRL\HC.17\06690Titlow_osc

3